UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONITY MORTGAGE CORPORATION formerly known as PHH Mortgage Corporation,

Plaintiff,

-against-

GABRIEL ALEXIS, et al.,

Defendants.

26-CV-4261 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Onity Mortgage Corporation f/k/a PHH Mortgage Corporation brings this action against Defendants Gabriel Alexis, Carolle Joseph, and Robert Christophe. Plaintiff seeks to foreclose on a mortgage held jointly by Gabriel Alexis and Carolle Joseph, which is secured by a note that was recently assigned to Plaintiff. However, unbeknownst to Plaintiff, Joseph passed away three years before this action was filed. The pleadings thus mistakenly name Joseph rather than her estate, which is administered by Interested Party Elvira Alexis.

Presently before the Court are two motions. The first is Elvira Alexis's Motion to Dismiss the Complaint (1) as against Carolle Joseph and (2) in full because her estate is a necessary party who cannot be joined. The second is Plaintiff's Motion for Leave to Amend to substitute Joseph's estate in place of Joseph. The Court first grants Plaintiff leave to amend, and, as a result, denies the motion to dismiss as moot.

## BACKGROUND

### I. Facts

The following facts are presumed to be true for the purposes of this motion. *See Dumann Realty, LLC v. Faust*, 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010) ("When reviewing a motion to

dismiss under Rule 12(b)(7), the Court may consider documents and facts outside the pleadings.").

Plaintiff Onity Mortgage Corporation ("Onity") is a New Jersey mortgage corporation located in the state of New Jersey. ECF No. 1 ("Compl.") ¶ 2. Defendants are Gabriel Alexis ("Borrower"), Carolle Joseph ("Decedent"), and Robert Christophe, each being individuals residing or formerly residing in West Haverstraw, Rockland County, New York. *Id.* ¶¶ 3–5.

On or about December 21, 2005, Borrower executed a note ("the Note") for $191,250.00 to Fremont Investment & Loan. *Id.* ¶ 10(a). That same day, Borrower executed a mortgage ("the Mortgage") in the principal amount of $191,250.00 and interest to Mortgage Electronic Registration Systems, Inc. *Id.* The applicable mortgage tax was paid, and the Mortgage was recorded on or about December 28, 2005, in Rockland County. *Id.* The Mortgage was upon the property located at 12 Campbell Court, West Haverstraw, New York ("the Property"). ECF No. 15 ("Tarson Decl.") ¶ 2.

Following the execution of the Note and the recording of the Mortgage, Borrower conveyed the Property by deed to himself and Decedent on or about January 28, 2010. *Id.* ¶ 3; ECF No. 15-1. Decedent subsequently passed away on or about July 22, 2021. Tarson Decl. ¶ 4; ECF No. 15-2. Interested Party Elvira Alexis ("Administratrix") then filed a petition with the Surrogate's Court for Rockland County, New York to be appointed administratrix of Decedent's estate, and subsequently amended the petition with a request for an order decreeing that Borrower be disqualified as a spouse of Decedent. Tarson Decl. ¶ 4; ECF No. 15-3. The Surrogate's Court determined that Decedent was not married to Borrower and that Decedent held the Property with Borrower as tenant-in-common, and appointed Elvira Alexis as administratrix of Decedent's estate. Tarson Decl. ¶¶ 5–7; ECF No. 15-4; ECF No. 15-5.

The Mortgage was assigned to Plaintiff by assignment of mortgage on or about November 20, 2025. Compl. ¶ 10(b); ECF No. 1-4 at 7. Plaintiff is now the owner and holder of said Note and Mortgage, and has been delegated the authority to institute a mortgage foreclosure. Compl. ¶ 15. Plaintiff alleges Borrower failed to comply with the terms and provisions of the Mortgage and the Note by failing to make the monthly payments since April 1, 2023. *Id.* ¶ 16.

## II. Procedural Background

On May 21, 2026, Plaintiff filed the Complaint against Defendants to foreclose the mortgage. Compl.

On July 7, 2026, Administratrix filed the present motion to dismiss the Complaint. ECF No. 13; ECF No. 14 ("MTD"). Administratrix moves for (1) dismissal as against Decedent pursuant to Federal Rule of Civil Procedure 12(b)(6) because Decedent passed away in 2021 and (2) dismissal of the entire action pursuant to Rule 12(b)(7) alleging Decedent's estate is an indispensable party who cannot be joined. *See* MTD.

On July 31, 2026, Plaintiff opposed the motion to dismiss, ECF No. 23 ("MTD Opp."), and filed the present motion for leave to amend. ECF No. 24; ECF No. 25 ("MLTA"). Plaintiff requests that the Court grant Plaintiff leave to amend its Complaint by substituting Administratrix in the place of Decedent pursuant to Rule 15 and thus deny Administratrix's Motion to Dismiss as moot. *See id.*

On August 31, 2026, Administratrix filed a combined memorandum (1) replying to Plaintiff in further support of her Motion to Dismiss and (2) formally opposing Plaintiff's Motion for Leave to Amend. ECF No. 29 ("MTD Reply"); ECF No. 30 ("MLTA Opp."). On September 4, 2026, Plaintiff filed a reply in support of its motion for leave to amend. ECF No. 32 ("MLTA Reply").

## DISCUSSION

The Court first considers Plaintiff's Motion for Leave to Amend, and grants the motion to allow Plaintiff to substitute Administratrix for Decedent. Thus, the Court dismisses Administratrix's Motion to Dismiss as moot.

## I. Plaintiff's Motion for Leave to Amend Is Granted

The primary issue raised by Plaintiff's Motion for Leave to Amend is whether Plaintiff's proposed amendment to substitute Administratrix for Decedent is permissible under Federal Rule of Civil Procedure 15, or if it is barred by Federal Rule of Civil Procedure 25.

### A. Rule 15, Not Rule 25, Controls This Case

Administratrix first contends that Rule 15 does not apply to this case because the proposed amendment introduces no new factual allegations. MLTA Opp. at 7. Although it is true—and Plaintiff concedes—that the proposed amendment introduces no new factual allegations, *see* MLTA at 4, Rule 15 governs *all* amendments (not only amendments related to factual allegations), including those related to the addition, substitution, and removal of parties to an action. *See, e.g.*, *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 102 (2d Cir. 2024) ("We thus conclude that Rule 15(a) does apply to amendments seeking to add parties."); *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) (holding that the denial of the substitution of parties through a Rule 15 motion for leave to amend was improper because "Rule 15(a) may be used to substitute"); *Samaha v. Presbyterian Hosp.*, 757 F.2d 529, 531 (2d Cir. 1985) (holding that it is an abuse of discretion to deny leave to amend under Rule 15(a) to eliminate a defendant where there is no prejudice to the remaining defendants). Therefore, Rule 15 is applicable to this case.

Administratrix then argues that even if Rule 15 is applicable to this case, Plaintiff's proposed amendment should be denied because it is barred by Rule 25. *See* MLTA Opp. at 6–8. Rule 25 controls the substitution of parties in cases of death, incompetency, transfer of interest, and public officers. Fed. R. Civ. P. 25. Under Rule 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" with the decedent's "successor or representative." Fed. R. Civ. P. 25(a). Administratrix insists that Rule 25 governs here because it is well accepted that "the specific rule should control over the general," and although Rule 15 concerns amendments generally, Rule 25 controls substitutions specifically. MLTA Opp. at 7 (quoting *Hirsch v. Green*, 382 F. Supp. 187, 189 (D. Md. 1974)). Presuming Rule 25 governs here, she argues that Plaintiff's attempted substitution of Administratrix for Decedent is barred: because Rule 25 "presupposes that substitution is for someone who was a party to a pending action" and Decedent was not yet a party to this action at the time of her death, Administratrix contends the proposed substitution falls outside the grounds permitted by Rule 25. *Id.* at 6–8 (quoting *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 369 (E.D.N.Y. 2021) (internal citation omitted)).

However, Administratrix's argument fails because Rule 25 does not apply to this set of facts. As she acknowledges, Rule 25 "presupposes that substitution is for someone who was a party to a pending action." *Jackson*, 552 F. Supp. 3d at 369 (internal citation and quotation marks omitted). Rule 25(a) therefore is irrelevant at issue here because Decedent died prior to the commencement of the action. *See Malloy v. James*, No. 17-CV-6998 (NSR), 2021 WL 5304331, at *2 (S.D.N.Y. Nov. 15, 2021) ("[S]ubstitution is not possible if one who is named as a party in fact died before the commencement of the action." (quoting *Jackson*, 552 F. Supp. 3d at 369)).

The cases that Administratrix offers to argue against this conclusion are unconvincing. She first points to *Jackson v. Nassau County*, where the Eastern District of New York denied the Rule 25 substitution of a defendant for their estate when the defendant had died more than three years prior to the commencement of the litigation. MLTA Opp. at 6; *Jackson*, 552 F. Supp. 3d at 369. In *Jackson*, the court held that Rule 25 "presupposes that substitution is for someone who was a party to a pending action; thus, substitution is not possible if one who was named as a party in fact died before the commencement of the action." 552 F. Supp. 3d at 369 (cleaned up). However, *Jackson* is distinguishable from the present facts because there was no motion for leave to amend pursuant to Rule 15 pending before the Jackson court. There, the only basis presented for adding the estate was Rule 25, which this Court agrees is inapplicable. Administratrix's other cited cases from within this Circuit likewise concern Rule 25 motions rather than Rule 15 motions. *See Malloy*, 2021 WL 5304331, at *2 (concerning a motion to substitute a defendant for their estate under Rule 25(a)(1)); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 259–60 (S.D.N.Y. 1968) (concerning a motion to substitute a deceased plaintiff for his estate pursuant to Rule 25(a)). Here, rather, Rule 15, not Rule 25, controls this case.

Moreover, the Second Circuit has made clear that a plaintiff can use Rule 15 to add a new party. *See In re Orion HealthCorp, Inc.*, 95 F.4th at 102. In *Orion HealthCorp*, at issue was whether the appellant was properly added to the First Amended Complaint under Rule 15, as the appellant argued that the addition of parties should be governed solely by Rule 21. *Id.* The Court held that the addition was proper under Rule 15 alone, implicitly rejecting other rules as a necessity for the addition, substitution, or removal of parties. *Id.* Therefore, because Rule 25 is inapplicable and Plaintiff moves to amend pursuant to Rule 15, the Court will evaluate the proposed amendment under Rule 15.

### B. Substitution of Decedent for Her Estate Is Permitted Under Rule 15

The Court next considers whether leave to amend is permissible pursuant to Rule 15. Under Rule 15(a)(2), a court "should freely give leave when justice so requires." The Second Circuit interprets Rule 15 liberally "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). But "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). Resulting prejudice to the opposing party is "perhaps [the] most important" reason a court should deny leave to amend. *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Here, there is no evidence of undue delay, as amendment was sought immediately after Plaintiff was made aware of Decedent's passing by Administratrix. The litigation has only commenced within the past year, and discovery has not yet begun. *See Paul Hobbs Imps. Inc. v. Verity Wines LLC*, No. 21-CV-10597 (JPC), 2023 WL 374120, at *15 (S.D.N.Y. Jan. 24, 2023) (identifying a case being "in its infancy" as justification for granting leave to amend). There are likewise no indicia of futility or bad faith, because the proposed amendment merely seeks to correct the original pleadings by identifying the proper parties against whom Plaintiff seeks to enforce an existing mortgage lien. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453, 456–58 (S.D.N.Y. 2016) (outlining the circumstances under which a proposed amendment may be deemed futile, of which none apply here). Finally, regarding undue prejudice, the most consequential factor to be considered, Administratrix has conceded that she is unable "to show prejudice from substitution by the proposed amended complaint." MLTA Opp. at 8. In fact, substitution benefits Administratrix by addressing her concerns regarding absent parties.

Moreover, adding the estate here is consistent with the principles of justice and judicial economy. Both Plaintiff and Administratrix agree that she is a necessary party under Rule 19, without whom this litigation could not proceed. MTD Reply at 3; MLTA Reply at 1. To stall this case based on procedural defects easily capable of correction under Rule 15 would be neither efficient nor fair. *See Wiggins v. Unilever U.S., Inc.*, 684 F. Supp. 3d 127, 155 (S.D.N.Y. 2023) ("Where the possibility exists that a defect can be cured, leave to amend should normally be granted at least once." (cleaned up) (quoting *Wright v. Ernst & Young LLP*, No. 97-CV-2189 (SAS), 1997 WL 563782, at *3 (S.D.N.Y. Sep. 10, 1997), *aff'd*, 152 F.3d 169 (2d Cir. 1998))). Justice weighs heavily in favor of granting leave to amend, allowing this dispute to play out on the merits.

For all these reasons, the Court grants Plaintiff's Motion for Leave to Amend.

## II. Administratrix's Motion to Dismiss Is Denied as Moot

Administratrix's Motion to Dismiss is premised solely on Plaintiff having sued a deceased individual and its purported inability to join Decedent's estate. *See* MTD. Accordingly, given that substitution in this case is permissible under Rule 15, Administratrix's argument that this Court should dismiss this action is now moot. Although it is uncontested that Administratrix is a necessary party, she now may be joined under Rule 15 so that the Court may accord complete relief. *See* Fed. R. Civ. P. 19(a)(1)(A). All issues identified by Administratrix in her motion are remedied by Plaintiff's proposed amendment. For this reason, the Court denies Administratrix's Motion to Dismiss as moot.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to Amend and DENIES Administratrix's Motion to Dismiss as moot.

The Court ORDERS Plaintiff to file its amended complaint by **November 13, 2026**. Defendants must file their responsive pleading within fourteen days of service of Plaintiff's amended pleading. Plaintiff is directed to serve a copy of this Opinion and Order on Defendants who have yet to appear in this action by **November 9, 2026**, and to file proof of such service upon the docket no later than **November 10, 2026**.

The Clerk of Court is directed to terminate ECF Nos. 13 and 24.

Dated: November 6, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge